1   McGREGOR W. SCOTT
    United States Attorney
2   LAURA JEAN BERGER
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                   IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO. 1:20-CR-00028-DAD-BAM

12                  Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                           AND ORDER

14  GABRIEL MATA,                        DATE: August 24, 2020
                                         TIME: 1:00 p.m.
15                  Defendant.           COURT: Hon. Barbara A. McAuliffe

16

17          This case is set for status conference on August 24, 2020. On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). [2]  If continued, this Court should designate a new date for the status

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on August 24, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until September 28, 2020, and to exclude time between August 24, 2020, and September 28, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv).

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and body camera video.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with her client to discuss a potential resolution of the case.  The parties are still reviewing the discovery and conducting further investigation.  The government is in the process of determining the specifics of a possible plea agreement in light of the ongoing discovery review, and will provide the possible plea agreement to counsel for defendant as soon as possible.  Counsel for the government and counsel for defendant reasonably believe that the case will resolve pursuant to a plea.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 24, 2020 to September 28,

2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 17, 2020                         McGREGOR W. SCOTT
                                                United States Attorney


                                                /s/ LAURA JEAN BERGER
                                                LAURA JEAN BERGER
                                                Assistant United States Attorney


Dated:  August 17, 2020                         /s/ MELISSA BALOIAN
                                                MELISSA BALOIAN
                                                Counsel for Defendant
                                                GABRIEL MATA



## ORDER

IT IS SO ORDERED that the Status Conference is continued from August 24, 2020, to **September 28, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **August 18, 2020**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE